UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

VILLA VIEW 10 201 LLC,

Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

Defendant.

_________________________________/

**NOTICE OF REMOVAL**

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this case from the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, and states as follows:

1. Plaintiff, VILLA VIEW 10 201 LLC ("Plaintiff"), commenced this action on June 5, 2026, by filing a Complaint, 2026 CA 001760 CI, in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida. Copies of the Complaint and docket are attached.

2. Westchester was served on June 12, 2026. Thus, this notice was timely filed as it was filed within 30 days from the date of service.

## Diversity of Citizenship

3. Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal citations omitted) (quotation marks omitted). In determining domicile, courts consider home ownership, driver's license, voting registration, location of family, and location of business. *Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007).

4. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

5. Under Fla. Stat. § 196.031, "[a] person who as of January 1, has the legal title or beneficial title in equity to real property in this state and who in good faith makes the property his or her permanent residence" is entitled to a homestead exemption.

6. According to Fla. Stat. § 196.012(16), a "permanent resident" is defined as "a person who has established a permanent residence as defined in subsection (17)." Fla. Stat. § 196.012(17) defines "permanent residence" as "that place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred."

7. The Plaintiff is a single-member Florida limited liability company, whose sole member is Keila Rincon. *See Plaintiff Annual Report, attached as an Exhibit 1*.

8. Ms. Rincon resides in Celebration, Florida and is domiciled in Florida.

9. Accordingly, the Plaintiff's member is a citizen of the State of Florida, and therefore the Plaintiff is domiciled in Florida and is a citizen of the State of Florida.

10. Westchester is an insurance company incorporated in the State of Georgia with a principal place of business in the Commonwealth of Pennsylvania.

11. Therefore, for purposes of 28 U.S.C. § 1332, diversity of citizenship existed among the Plaintiff and Westchester at the time the Plaintiff commenced this action in state court and continues to exist as of the time of filing this Notice of Removal.

**Amount in Controversy**

12. The Plaintiff alleges that it owns a property located at 1531-1533-1535 Tangelo Cir, Kissimmee, FL 34746 ("Property").[1]

13. Westchester issued a commercial insurance policy to the Plaintiff that provided certain insurance coverage for the Property located at 1531-1533-1535 Tangelo Cir, Kissimmee, FL 34746.[2] *A copy of the Policy is attached as an Exhibit 2*.

14. In the Complaint, the Plaintiff alleges that "the policy of insurance provides, in pertinent part, that Defendant provides coverage for property damage, including contents, rendered to Plaintiff's subject property that are the result of an accident, whether

[1] Compl. ¶ 4.
[2] Compl. ¶ 4.

natural in cause or not, and said policy is required to comply with the provisions of Florida Law."[3]

15. The Plaintiff also alleges that the Property suffered damages by wind and/or water creating an opening in the roofing system.[4]

16. The Policy has a $482,000 Building Limit of Insurance for the Property. *See Exhibit 2, at pg. 6*.

17. The Policy also has a 5% Windstorm or Hail Deductible, equal to $24,100. *See Exhibit 2, at pg. 6 and 19*.

18. The Plaintiff reported a claim to Westchester for damage to the Property.[5]

19. The Plaintiff submitted a repair estimate alleging damages of $86,293.28. The Plaintiff also submitted an invoice for the tarping of the roof in the amount of $12,70.00, and two remediation invoices totaling $11,876.92. *See the estimate and invoices as Exhibit 3*.

20. "[T]he pertinent question at the jurisdictional stage is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1318 (11th Cir. 2014).

21. Therefore, based upon the foregoing, Westchester has a good faith belief that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

---

[3] Compl. ¶ 7.
[4] Compl. ¶ 8.
[5] Compl. ¶ 5.

23. A copy of this Notice will promptly be filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

WHEREFORE, Westchester Surplus Lines Insurance Company hereby removes this action to this Court.

Respectfully submitted,

**COZEN O'CONNOR**

By:/s/ *Juan Garrido*

John David Dickenson
(Lead Counsel)
Florida Bar No. 575801
jdickenson@cozen.com
1801 N. Military Trail, Suite 200
Boca Raton, FL 33431
Telephone: (561) 515-5250

Juan P. Garrido, Esq.
Florida Bar No. 118678
Email: jgarrido@cozen.com
200 South Biscayne Blvd., Ste. 3000
Miami, Florida 33131
Telephone: (305) 397-0832
*Counsel for Defendant, Westchester Surplus Lines Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6th, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Juan Garrido*
Juan P. Garrido, Esq.

**SERVICE LIST**

**SASIETA LAW, PLLC**
Kevin D. Diaz, Esq.
Alejandro Sasieta, Esq.
790 NW 107th Avenue, Suite 304
Miami, FL. 33172
Phone: 305.340-9082
kevin@sasietalaw.com
laura@sasietalaw.com
eservice@sasietalaw.com
*Counsel for Plaintiff*