**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR OSCEOLA COUNTY, FLORIDA

VILLA VIEW 10 201 LLC
Plaintiff

Case # ____________________
Judge ____________________

vs.
WESTCHESTER SURPLUS LINES INSURANCE COMPANY
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Alejandro Sasieta                Fla. Bar # 109573
Attorney or party                (Bar # if attorney)

Alejandro Sasieta                06/05/2026
(type or print name)                Date

Filing # 249719037 E-Filed 06/05/2026 10:32:16 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO.: 2026 CA 001760 CI

VILLA VIEW 10 201 LLC,

Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY

Defendant.

_______________________________/

# SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint, Request for Production, Interrogatories, and Initial Disclosure in this action on Defendant:

**Westchester Surplus Lines Insurance Company**
**c/o Florida Chief Financial Officer as s R/A**
**200 East Gaines Street Tallahassee, FL 32399-4201**

Each defendant is required to serve written defenses to the complaint or petition on **Kevin D. Diaz, Esq.**, Plaintiff's attorney, whose address is **Sasieta Law, 790 NW 107th Avenue, Suite 304, Miami, Florida** 33172, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter service. A defendant may either file the response electronically by using the Florida Courts E-filing Portal (MyFLCourtAccess.com), or by filing the written response with the clerk of court, Kelvin Soto, Esq. Osceola Clerk of the Circuit Court & County Comptroller, 2 Courthouse Sq, Kissimmee, FL 34741. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on June 5, 2026

Clerk of the Court

By ___________
Deputy Clerk

CLERK OF THE CIRCUIT COURT & COUNTY COMPTROLLER · OSCEOLA COUNTY · FLORIDA

IN *THE COUNTY/CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE AND OSCEOLA COUNTY, FLORIDA*

*IN RE: CIVIL CASE MANAGEMENT PLAN AND ORDER*

_______________________________________/

***STANDING CASE MANAGEMENT PLAN/ORDER (General Track)***

***PURSUANT TO In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts, Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021)****, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby*

***ORDERED*** *that:*

1. ***COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:*** *The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.*

2. ***ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:*** *All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i)* ***Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines*** *(AO 2012-03-01); (ii)* ***Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy*** *(AO 2003-07-02) (iii)* ***Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County***

***(AO2017-04-01)*** *and (iv)* ***any division-specific guidelines that may be applicable.***

3. ***MODIFICATION OF THIS ORDER:*** *The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.*

4. ***SERVICE OF THIS ORDER WITH INITIAL PROCESS:*** *Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.*

***CASE MANAGEMENT PLAN – GENERAL TRACK***

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| *Deadline for Service of Process:* | *120 days* |
| *Deadline for Service of Process extended if not accomplished within 120 days:* | *150 days, failing same, all unserved defendants are dismissed without prejudice* |
| *Deadline for Leave to Add Parties and Amend Pleadings:* | *Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied* |
| *Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings:* | *Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied* |
| *Deadline for Completion of Fact and Expert Discovery:* | *450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case)* |
| *Pre-trial Motions, including Dispositive and Daubert Motions* | *Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied* |

| | |
|---|---|
| *Mediation/Alternative Dispute Resolution* | *Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery* |
| *Approximate Pre-Trial Conference:* | *17 months<br>Actual Date to be set by Trial Order* |
| *Approximate Trial Date:* | *18 months<br>Actual date to be set by Trial Order* |

5. ***NOTICES FOR TRIAL:*** *Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.*

6. ***DISCOVERY:*** *All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.*

7. ***SETTLEMENT:*** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

***DONE AND ORDERED*** *in Orange/Osceola County, Florida.*

Chief Judge

***If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.***

***ORANGE COUNTY:*** ***Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303***

***OSCEOLA COUNTY:*** ***Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417***

*REV 04/29/2021*

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO.: 2026 CA 001760 CI

VILLA VIEW 10 201 LLC,

Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY

Defendant.
_______________________________/

**SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint, Request for Production, Interrogatories, and Initial Disclosure in this action on Defendant:

**Westchester Surplus Lines Insurance Company**
**c/o Florida Chief Financial Officer as s R/A**
**200 East Gaines Street Tallahassee, FL 32399-4201**

Each defendant is required to serve written defenses to the complaint or petition on **Kevin D. Diaz, Esq.**, Plaintiff's attorney, whose address is **Sasieta Law, 790 NW 107th Avenue, Suite 304, Miami, Florida** 33172, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter service. A defendant may either file the response electronically by using the Florida Courts E-filing Portal (MyFLCourtAccess.com), or by filing the written response with the clerk of court, Kelvin Soto, Esq. Osceola Clerk of the Circuit Court & County Comptroller, 2 Courthouse Sq, Kissimmee, FL 34741. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ____________________

Clerk of the Court

By ________________
Deputy Clerk

IN *THE COUNTY/CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE AND OSCEOLA COUNTY, FLORIDA*

*IN RE: CIVIL CASE MANAGEMENT PLAN AND ORDER*

_______________________________________/

***STANDING CASE MANAGEMENT PLAN/ORDER (General Track)***

***PURSUANT TO In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts, Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021)****, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby*

***ORDERED*** *that:*

1. ***COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:*** *The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.*

2. ***ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:*** *All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i)* ***Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)****; (ii)* ***Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)*** *(iii)* ***Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County***

*(AO2017-04-01)* *and (iv)* ***any division-specific guidelines that may be applicable****.*

3. ***MODIFICATION OF THIS ORDER:*** *The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.*

4. ***SERVICE OF THIS ORDER WITH INITIAL PROCESS:*** *Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.*

***CASE MANAGEMENT PLAN – GENERAL TRACK***

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| *Deadline for Service of Process:* | *120 days* |
| *Deadline for Service of Process extended if not accomplished within 120 days:* | *150 days, failing same, all unserved defendants are dismissed without prejudice* |
| *Deadline for Leave to Add Parties and Amend Pleadings:* | *Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied* |
| *Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings:* | *Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied* |
| *Deadline for Completion of Fact and Expert Discovery:* | *450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case)* |
| *Pre-trial Motions, including Dispositive and Daubert Motions* | *Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied* |

| | |
|---|---|
| *Mediation/Alternative Dispute Resolution* | *Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery* |
| *Approximate Pre-Trial Conference:* | *17 months<br>Actual Date to be set by Trial Order* |
| *Approximate Trial Date:* | *18 months<br>Actual date to be set by Trial Order* |

5. ***NOTICES FOR TRIAL:*** *Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.*

6. ***DISCOVERY:*** *All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.*

7. ***SETTLEMENT:*** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

***DONE AND ORDERED*** *in Orange/Osceola County, Florida.*

Chief Judge

***If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.***

***ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303***

***OSCEOLA COUNTY: Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417***

*REV 04/29/2021*

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR OSCEOLA COUNTY, FLORIDA

CASE NO.: 2026 CA 001760 CI
DIVISION: 20

VILLA VIEW 10 201 LLC
Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
Defendant.
_______________________________/

**UNIFORM TRIAL AND CASE MANAGEMENT ORDER**
**(General Track)**
*(Effective January 1, 2025)*

PURSUANT TO Florida Rules of General Practice & Judicial Administration 2.250 and 2.545 and Florida Rules of Civil Procedure 1.200 and 1.440, and based on the case type designated in the initial filing (as required by AO 2021-04-05), the Court ORDERS as follows:

1. COMPLIANCE WITH UNIFORM TRIAL AND CASE MANAGEMENT ORDER. The parties must strictly comply with the terms of this Uniform Trial and Case Management Order ("UTCMO"), unless otherwise ordered by the court. Failure to comply with all requirements of this order may result in the imposition of sanctions, up to and including dismissal of this action or the striking of pleadings and entry of default final judgment.

2. ADDITIONAL NINTH CIRCUIT AND DIVISION-SPECIFIC GUIDELINES. All counsel and unrepresented parties must be familiar with and comply with the following: (a) Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01); (b) Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02); and (c) any division-specific guidelines published by the division (or the division judge) in which the case is pending.

3. MODIFICATION OF THIS ORDER. The parties may not, individually or by agreement, alter or extend the deadlines in this order or waive any of the provisions of this order. The provisions of this order may be modified only upon motion/stipulation and court order in accordance with applicable law.

4. SERVICE OF THIS ORDER WITH INITIAL PROCESS. The court will issue and electronically file a UTCMO within three (3) business days after the date of filing of the initial complaint. Any party serving an initial pleading in this case must serve a copy of this order with initial service of process.

5. CASE MANAGEMENT. The following pretrial deadlines are imposed. All dates are to be calculated from the date of the filing of the initial complaint unless otherwise noted. These are the dates that will control this case unless modified by court order pursuant to Florida Rule of Civil Procedure 1.200.

6. TRIAL DATE. This case is set for a jury trial during the trial docket beginning **6/5/2028** in **COURTROOM 4A** beginning at **9:00 a.m.** at the OSCEOLA COUNTY COURTHOUSE, 2 Courthouse Square, Kissimmee, FL 34741.

7. PRETRIAL CONFERENCE. Lead Trial Counsel, or a trial partner with full authority,[1] and unrepresented parties must attend a Pretrial Conference on **4/17/2028** in **COURTROOM 4A** beginning at **9:00 a.m.** at the OSCEOLA COUNTY COURTHOUSE, 2 Courthouse Square, Kissimmee, FL 34741 virtually at **https://ninthcircuit.webex.com/meet/div20** .The parties must comply with the requirements for pretrial conferences of the division to which the case is assigned. No motions will be heard at the pretrial conference except as otherwise provided for in the division guidelines or allowed by court order.

8. CASE MANAGEMENT. The following pretrial compliance deadlines are imposed. All dates must be calculated from the date of filing of the initial complaint unless otherwise noted.

[1] No other attorney may cover a pretrial conference unless they are: (i) fully prepared; (ii) have confirmed all pretrial requirements have been fulfilled, and (iii) have full authority from the client and lead counsel to make decisions about the case.

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Automatic Extension for Service of Process if not perfected timely | 30 additional days, for a total of 150 days. If service of process is not completed by the end of the Automatic Extension, all unserved defendants are automatically dismissed without prejudice and without notice or further opportunity to be heard. |
| Initial Discovery Disclosures: | 60 days after service. *See* Fla. R. Civ. P. 1.280(a)(3). |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, and Any Objections to the Pleadings: | Must be filed, set for hearing and heard within 60 days from filing of the motion, or automatically deemed abandoned and denied without further order. |
| Disclosure of Expert Witnesses: | 365 days. |
| Deadline for Completion of Fact and Expert Discovery: | 540 days. |
| Pretrial Motions (excluding Motions in Limine), Motions for Summary Judgment and Daubert Motions: | Filed: 585 days.<br><br>Heard: No later than 7 days prior to the Pretrial Conference or automatically deemed abandoned and denied without further order. |
| Motions in Limine: | Filed: Prior to the Pretrial Conference.<br><br>Heard: No later than 7 days prior to the beginning of the trial period |
| Mediation: | Completed prior to the Pretrial Conference.<br><br>Plaintiff must submit a mediation order[2] for entry by the Court once the date of mediation has been agreed and a mediator selected. |

9. EXPERT WITNESSES. The following will govern proceedings related to expert

[2] All mediation orders shall contain the following language: *All parties, counsel, authorized representatives and other mediation participants are hereby ordered to turn on your video cameras (and visually appear in your video) for the duration of the mediation conference unless otherwise excused by the mediator.*

witnesses.

a. Within the time required in Paragraph 8 above, Plaintiff must disclose the expert witnesses (including both treating and hybrid experts) that Plaintiff actually intends to present at trial. "Experts" is specifically defined in this order (wherever used) to include retained experts, treating experts and hybrid experts.

b. Defendant must disclose the expert witnesses that Defendant actually intends to present at trial within 15 days of Plaintiff's expert witness disclosure or the time required by Paragraph 8, whichever is later.

c. Plaintiff must disclose all rebuttal witnesses within 15 days of Defendant's expert witness disclosure or the time required by Paragraph 8, whichever is later.

d. As used herein, "disclose" means furnishing in writing the expert's (a) name, business address and telephone number, (b) curriculum vitae or qualifications, (c) medical specialty or field of expertise, (iv) statement of the specific subjects upon which the expert will testify and offer opinions, and (v) the party or parties against whom the expert will be called to testify. Any changes in an expert's opinion or changes in the basis of the expert's opinion must be disclosed to all parties no less than 60 days prior to the Pretrial Conference.

e. All out-of-court testing, experiments, or physical or mental examinations by experts must be completed prior to the expert's deposition.

10. CLOSE OF DISCOVERY. Discovery closes 540 days after the initial filing of the action. All depositions must be completed by this date. All answers to interrogatories, responses to requests to produce, and requests for admissions must be served by this date. This deadline may only be extended by court order. Joint stipulations to extend this deadline (without court order) do not alter the discovery deadline.

11. MOTIONS:

a. PRETRIAL MOTIONS *(EXCLUDING MOTIONS IN LIMINE)*, MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS. Must be filed within 585 days of the date of the filing of the initial complaint and heard no later than 7 days prior to the Pretrial Conference. Late-filed motions are subject to summary

denial.

b. MOTIONS IN LIMINE AND MOTIONS TO EXCLUDE WITNESSES OR EVIDENCE: Motions in limine and motions to exclude witnesses or evidence must be filed and served prior to the Pretrial Conference. Motions in Limine must be scheduled and heard no later than 7 days prior to the beginning of the trial period. Motions in limine will not be heard during the trial period, absent good cause. No motion in limine may be scheduled for hearing unless it contains a certification of good faith attempt to resolve the matter at issue. Omnibus motions asking that the Court order the opposing party/counsel to comply with Florida law, the Florida Rules of Civil Procedure, and the Florida Rules of Professional Conduct are disfavored.

12. MOTIONS FOR SUMMARY JUDGMENT. Motions for summary judgment are subject to the deadline imposed above. Failure to respond to a motion for summary judgment within the time required by Florida Rule of Civil Procedure 1.510(b) may result in the court granting any relief available pursuant to Florida Rule of Civil Procedure 1.510(e). Refer to and comply with any division requirements for additional requirements.

13. EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES. No less than 60 days before the Pretrial Conference, attorneys and unrepresented parties must serve the following:

a. A list of all witnesses including potential impeachment and rebuttal witnesses who may testify at trial. The list must: (a) provide the name, address and telephone number of the witness, and (b) specify whether the witness is a liability, damage, rebuttal, or impeachment witness.

b. A schedule of all exhibits, including depositions, a party may offer at trial, lettered sequentially. Exhibits must be described with specificity. For example, "all medical records" is insufficient.

14. MEETING OF COUNSEL. No later than 15 days prior to the Pretrial Conference,

lead counsel and pro se parties, if any, must meet. Live or videoconference attendance at this meeting by Lead Trial Counsel is mandatory. At the meeting, the attorneys and unrepresented parties must:

a. Discuss and attempt to settle the case.

b. Produce all documents to be offered at trial. Exhibits must be bates-stamped.

c. Examine, and initial every exhibit (or entry on an Exhibit Schedule) to be produced by the opposing party at trial. The parties must agree on those exhibits which will be admitted as joint exhibits and those that can be admitted without objection. The parties must identify all other exhibits and specify all objections thereto. "Exhibit Schedules" must be prepared reflecting these separate categories of exhibits for each party. The Exhibit Schedules for each party must be attached to the Joint Pretrial Statement described below. Objections not noted are waived. Exhibits marked for identification must be listed alphabetically (*e.g.*, Ex. A) and, if received in evidence, will be listed numerically (*e.g.*, Ex. 1).

d. Review opposing parties' witness lists. Witness lists for each party must be attached to the Joint Pretrial Statement described below.

e. Discuss and stipulate to any facts requiring no proof at trial.

f. Discuss, clarify, and frame all factual issues of fact to be tried.

g. Identify all legal, procedural, or evidentiary issues to be decided prior to or during trial.

h. Discuss any evidentiary stipulations.

i. Agree upon and draft a concise statement of the case to be read by the Court at the beginning of voir dire.

j. Discuss the proposed jury instructions (voir dire through closing) and verdict forms. Discuss whether the Court will instruct the jury on the law prior to opening statements and, if so, which jury instructions are to be read at that time.

k. Prepare Jury Instructions and a Verdict Form. The Jury Instructions and Verdict Form must be emailed to the division email address to which the case is

assigned in Word format no later than 3 business days before the first day of trial. The email for the jury instructions shall contain the following in the subject line of the email: "JURY INSTR. 2026 CA 001760 CI." The email for the Verdict form shall contain the following in the subject line of the email: "VERDICT FORM 2026 CA 001760 CI." External hard drives are discouraged. The parties must designate which instructions are agreed and which instructions, if any, are in dispute. Jury instructions must include a cover page with the case style. Any blanks or bracketed terms contained in the standard jury instructions must be filled in or deleted if inapplicable. Additional division guidelines may apply.

l. Discuss and attempt to agree upon any other matters leading to a more orderly and expeditious trial.

m. Prepare a Pretrial Checklist if required by the division procedures of the division to which the case is assigned. Any required checklist must be emailed (but not filed) to the division email, together with the Joint Pretrial Statement, no less than 5 days prior to the Pretrial Conference. The email for the Checklist and the Joint Pretrial Statement must contain the following in the subject line of the email: "CHECKLIST & PTS 2026 CA 001760 CI." Additional division guidelines may apply.

15. JOINT PRETRIAL STATEMENT. The parties must confer on and file a Joint Pretrial Statement addressing the matters described below, no later than 5 days prior to the Pretrial Conference, with a courtesy copy sent to the division email. If the Parties are unable to agree on the contents of the Joint Pretrial Statement, the differing views should be set forth within a single Joint Pretrial Statement. The Joint Pretrial Statement must contain the following:

a. A statement of the case to be read to the jury at the beginning of voir dire.

b. A statement of admitted facts that may be read at trial as a stipulation of counsel.

c. A statement of the issues of fact to be tried.

d. A statement of the unresolved issues of law, procedure or evidence.

e. Each party's witness list.

f. Each party's schedule of exhibits with objections.

g. Any stipulation on evidentiary matters specifying the applicable matters to which such stipulation applies, e.g., authenticity, hearsay exceptions, etc.

h. The number of peremptory challenges available to each party.

i. An estimate of the number of jurors requested for the venire panel and a statement regarding the necessity of any jury panel in excess of 22 venirepersons.

j. A current estimate of the number of days (to include voir dire) required for trial.

k. The specific category of damages, including attorneys' fees, claimed by each party and, when possible, the amount of such damages sought by each party.

l. A designation of Lead Trial Counsel. No change of Lead Trial Counsel may be made without leave of the Court if such change would disrupt the trial schedule.

m. A list of all pending motions and date filed. Motions not timely heard in accordance with the dates set forth herein are subject to summary denial.

n. A list identifying, with specificity, any matters of which the parties will ask the Court to take Judicial Notice under sections 90.201 and 90.202, Florida Statutes, and any objections or agreement thereto.

16. DEPOSITION DESIGNATIONS. No less than 30 days prior to the beginning of the trial period, each party must file designations of the depositions it intends to offer at trial. Counter (or "fairness") designations and objections, if any, must be filed within 7 days of the deposition designations. Objections to the counter-designations shall be filed within 7 days thereafter. Deposition designations must be heard by the Court before the first day of trial unless the court directs otherwise. If the parties cannot resolve objections to deposition designations, and no hearing time can be coordinated, the party making the objection must submit to the court a properly marked copy of the deposition transcript along with a proposed order identifying the page and line of the testimony to which the party objects, the basis for the objection, and a blank space for the Court to rule no later than 7 days prior to the first day of trial. Additional division guidelines may apply.

17. *[FOR OPENING STATEMENTS ONLY]:* DEMONSTRATIVE AIDS, COMPUTER SLIDESHOWS AND/OR POWERPOINT PRESENTATIONS. Demonstrative aids, computer slideshows and/or PowerPoint presentations counsel seek to use *during opening statement* must be shared with opposing counsel no less than 3 business days prior to the beginning of trial. Computer slideshows and/or PowerPoint presentations may refer to what a party believes the evidence will show if the parties agree that the matter will, in fact, be received in evidence. Computer slideshows and/or PowerPoint presentations may not include argument or citations to legal authorities. Disputes over demonstrative aids, computer slideshows and/or PowerPoint presentations must be heard by the Court before the first day of trial. If the parties cannot resolve disputes over computer slideshows and/or PowerPoint presentations (and no hearing time can be coordinated), the demonstrative aids, computer slideshows and/or PowerPoint presentations are subject to being excluded during Opening Statement, subject to division procedures.

18. NOTICE OF SETTLEMENT. In the event of settlement, the parties must immediately email the division to which the case is assigned. The email for the Notice of Settlement must contain the following in the subject line of the email: "NOTICE OF SETTLEMENT: 2026 CA 001760 CI." Thereafter, the parties must file a Notice of Settlement signed by all parties. Noncompliance with this Paragraph will result in the case remaining on the docket as well as the possible imposition of sanctions. When a Notice of Settlement is filed, the parties are required to appear at trial call on the first day of their designated trial period unless expressly advised they are excused from appearing. If the parties are advised they are excused from appearing at trial call, the parties are directed to conclude the settlement and file the appropriate dismissal within 60 days, or the court may *sua sponte* enter an order of dismissal. *There is no requirement that the settlement documents be filed*. Additional division guidelines may apply.

19. DISCOVERY DISPUTES. All counsel and unrepresented parties must familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible. Counsel are also directed to familiarize themselves with Florida Rules of Civil Procedure 1.280(k), 1.340(a), 1.350(b), and 1.380. Failure to comply with any Florida Rule of Civil Procedure may result in sanctions.

20. MEET AND CONFER. The parties must comply with the "meet and confer" requirements of Florida Rule of Civil Procedure 1.202(d) **and** Administrative Order No. 2012-03-01. Any non-compliant motion or notice of hearing may be summarily stricken or denied by the Court, requiring resubmission of the motion, notice of hearing, or both.

21. SANCTIONS. Failure to attend the meeting of counsel referenced above, the pretrial conference, or the trial, or to comply with the requirements of this order, may result in the imposition of appropriate sanctions, including but not limited to contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of attorneys' fees or costs, or any combination thereof.

22. AUDIO/VISUAL. Requests for audio or visual equipment (or both) must be made at least three (3) business days in advance of trial to avoid delaying jury selection. All such requests must be made to the Ninth Circuit's Technology Support Department and not to the division email. For assistance, see the Court's website: www.ninthcircuit.org, under Programs and Services, then Technology Support.

DONE and ORDERED in Osceola County, Florida, on the date shown on the electronic signature.

eSigned by ARENDAS, CHRISTINE E 06/08/2026 10:54:05 CANqfaFs

**CHRISTINE E ARENDAS**
CIRCUIT JUDGE

Copies to Counsel of Record
Via Florida's e-Filing Portal

AL, Case Manager

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, 2 Courthouse Square, Suite 6300 Kissimmee, Florida 34741, (407) 742-2417 at least 7 days before your scheduled court appearance, or immediately on receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/12/2026
CT Log Number 552473483

## Service of Process Transmittal Summary

**TO:** Natalie D'Amora
Chubb
2000 ARCH ST
PHILADELPHIA, PA 19103-1412

**RE:** **Process Served in Florida**

**FOR:** Westchester Surplus Lines Insurance Company (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VILLA VIEW 10 201 LLC vs. WESTCHESTER SURPLUS LINES INSURANCE COMPANY |
| **CASE #:** | 2026CA001760CI |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Electronic Receipt on 06/12/2026 at 00:00 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Incoming Legal incominglegal@chubb.com<br>Email Notification, Taryn Kindred taryn.kindred@chubb.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>8775647529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

*26-000109669*

VILLA VIEW 10 201 LLC

PLAINTIFF(S)

VS.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY

DEFENDANT(S)
_______________________________________/

**CASE #:** **2026 CA 001760 CI**
**COURT:** **9TH JUDICIAL CIRCUIT**
**COUNTY:** **OSCEOLA**
**DFS-SOP #:** **26-000109669**

SUMMONS, COMPLAINT, UNIFORM ORDER SETTING CASE FOR JURY_PRETRIAL - GENERAL

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the of the State of Florida's Department of Financial Services. Said process was received by ELECTRONIC DELIVERY on Thursday, June 11, 2026 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, June 12, 2026 to the designated agent for the named entity as shown below.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

***Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

ALEJANDRO SASIETA
SASIETA LAW
121 ALHAMBRA PLAZA
SUITE 1500
MIAMI, FL 33134

AC2